### SMITH v. GALLEY.

(Circuit Court of Appeals, First Circuit. May 17, 1922.)

No. 1541.

1. **Master and servant** ⟶201(1)—**Concurrent negligence of master and fellow servant actionable.**

The employer is liable if his negligence contributed with that of a fellow servant to produce the injury complained of.

2. **Master and servant** ⟶107(1)—**Injury to workman in hatch held actionable.**

Where the evidence showed that the methods pursued and the instrumentalities used by the employer in the conduct of his business were

⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dangerous, and that the dangers could have been easily avoided by rules or regulations requiring men in the hatch to keep out from under a bucket, which discharged its contents on libelant when it was raised, or by simple safety devices, a decree against the employer was proper.

Appeal from the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Libel in admiralty by Frederick J. Galley against Robert M. Smith to recover for personal injuries to libelant, sustained while in employment of libelee. Decree for libelant (272 Fed. 999), and respondent appeals. Affirmed.

Charles A. Strout, of Portland, Me. (Strout & Strout, of Portland, Me., on the brief), for appellant.

Raymond S. Oakes, of Portland, Me., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for the District of Maine in favor of the libelant, Galley, in an admiralty suit brought by him against the libelee, Smith, for personal injuries sustained while in the employment of the latter,

[1] The sole question is whether the libelant's injury was occasioned by the negligence of fellow servants or was due to the negligence of the libelee. The court below found that it was due to the negligence of the libelee. The libelee contends that this was error; that the evidence clearly shows that the injury complained of was occasioned by the negligence of fellow servants, and that he was in no way at fault. It must be conceded that, if the libelee was negligent and his negligence contributed with that of fellow servants to produce the injury complained of, the decree of the court below must be sustained.

[2] We do not find it necessary to review the evidence in detail. It clearly shows that the methods pursued and the instrumentalities employed by the libelee in the conduct of his business were dangerous; that the dangers could have been avoided by rules or regulations requiring the men in the hatch to keep out from under the bucket when it was being raised, or by providing a pennant so that the usual slack in the cable on the burden winch would not come in contact with the arm or handle on the bucket and raise the latch, or by providing some simple catch to hold the latch, so that it would not be raised and the bucket discharged in case the handle became engaged with the slack in the cable or hit against the hatch coamings; that the libelee had reason to apprehend this danger; that reasonable care required him to provide against it, which he failed to do; and that by reason of this failure the slack in the cable of the burden winch engaged the handle of the bucket, raised the latch, and caused the bucket to discharge its contents upon the libelant, while at work in the hatch.

The decree of the District Court is affirmed, with costs to the appellee.